Intervenor-appellant Stark County Department of Job and Family Services appeals from the June 20, 2000, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division. Plaintiff-appellee is Brian Underwood.
 STATEMENT OF THE FACTS AND CASE
On September 11, 1995, the marriage of appellee Brian Underwood and Shree Underwood was dissolved in the State of Washington. Pursuant to the Decree of Dissolution, appellee was ordered to pay child support for the parties' two minor children in the amount of $500.00 per month.
Thereafter, on March 19, 1999, appellee filed a "Notice for Registration and Adoption of Foreign Decree . . ." in the Stark County Court of Common Pleas, Family Court Division. Neither party objected to the Stark County Court of Common Pleas, Family Court Division, assuming jurisdiction. For such reason, the trial court, pursuant to a Magistrate's Decision that was adopted by the trial court on April 15, 1999, accepted and adopted the "foreign Decree of Dissolution, Order of Child Support, Parenting Plan Final Order emanating from the State of Washington, County of Lincoln and filed with this Court on 3/19/99."
Both parties subsequently filed show cause motions against each other. Shree Underwood, in her motion, alleged, in part, that appellee had failed to pay child support. As memorialized in an Agreed Judgment Entry filed on December 23, 1999, the parties agreed to dismiss their respective show cause motions. In addition, appellee stipulated to a child support arrearage in the amount of $10,000.00 which he agreed to pay at the rate of $50.00 per month.
On or about April 7, 2000, appellee received a notice from the Child Support Enforcement Agency stating that, due to his child support arrearage, appellee's state and/or federal income tax refund could be intercepted. Thereafter, on May 18, 2000, appellee filed a "Motion to Impound Lump Sum Payment and Motion to Set Aside Lump Sum Payment." Appellee, in his motion, requested that the trial court "issue an immediate Order impounding any lump-sum payments received from the Internal Revenue Service by the Stark County Child Support Enforcement Agency that was seized from Plaintiff's [appellee's] income tax refund." Appellee further requested the trial court to "issue an Order requiring the Stark County Child Support Enforcement Agency to return the lump-sum payment intercepted by it to Plaintiff . . ." Pursuant to a Judgment Entry filed the same day, the trial court ordered the Stark County Child Support Enforcement Agency to impound any monies received from the Internal Revenue Service reflecting appellee's 1999 income tax refund.
Thereafter, a hearing was held on June 13, 2000. As memorialized in a Judgment Entry filed on June 20, 2000, the trial court sustained appellee's Motion to Set Aside Lump Sum Payment and ordered the Stark County Child Support Enforcement Agency to return the intercepted funds to appellee.
It is from the June 20, 2000, Judgment Entry that Intervenor Stark County Department of Job and Family Services now prosecutes its appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S MOTION TO SET ASIDE LUMP SUM PAYMENT AND IN ORDERING THE CHILD SUPPORT ENFORCEMENT AGENCY TO RETURN FUNDS INTERCEPTED FROM APPELLEE'S FEDERAL INCOME TAX RETURN.
 I
Intervenor Stark County Department of Job and Family Services, in its sole assignment of error, argues that the trial court erred in sustaining appellee's Motion to Set Aside Lump Sum Payment and in ordering the Child Support Enforcement Agency to return funds intercepted from appellee's federal income tax refund.
As is stated above, appellee filed a "Motion to Impound Lump Sum Payment and Motion to Set Aside Lump Sum Payment" on May 18, 2000. After granting appellee's motion to impound and ordering the Child Support Enforcement Agency to impound appellee's 1999 federal income tax refund, the trial court scheduled a hearing for June 13, 2000. The following is an excerpt from the June 13, 2000 hearing:
 ATTY. VALENTINE: Oh Your Honor. . . . If I may. I want to make sure that the Court is aware but if it is my understanding that CSEA does not currently have his tax refund um and my clients did receive it and them um are currently in possession of it. I've advised them that they may have to turn that money over to CSEA depending on your decision here today. I'm sorry. I should have told you that at the beginning but it slipped my mind but I want to make sure that the Court's aware of that.
 THE COURT: So actually you've asked me to release an impoundment but they're not impoundment. Your client already has it.
 ATTY. VALENTINE: Well they . . . for whatever reason um the Internal Revenue Service sent it to my client even though there was an intercept Order on it. What I'd ask you to do though is set aside um the attempt to take this lump sum judgment. As I was viewing it they still have the right to make that approach and whatever portion is not my client's current wife's amount if you should so order would be CSEA's. So I should advise the Court that it is my understanding they have in fact received it.
CSEA: All of it?
 ATTY. VALENTINE: I just talked to him [appellee] very briefly this morning and that's when I found that out.
Transcript of June 13, 2000 hearing at 12-13.
Clearly, as noted by the Stark County Department of Job and Family Services in its brief, the Child Support Enforcement Agency was never in possession of appellee's 1999 income tax refund. The trial court, as evidenced by the above testimony, knew that appellee's 1999 tax refund was never intercepted by the agency. The Child Support Enforcement Agency, therefore, could not comply with the trial court's June 20, 2000, Judgment Entry ordering it to "return the Intercepted funds." For such reason, we find that the trial court erred in sustaining appellee's Motion to Set Aside Lump Sum Payment.
Appellant's sole assignment of error is, therefore, sustained.
Accordingly, the June 20, 2000, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, is vacated.
 ____________________ Edwards, J.
Gwin, P.J. and Wise, J. concurs